IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT OF FLORIDA IN AND
FOR HILLSBOROUGH COUNTY

CASE NO.

DANIELLE MELISSA GORDON,

Plaintiff,

vs

THE HOME DEPOT, INC., and
HOME DEPOT USA., INC.,

Defendant.
_____________________________/

**COMPLAINT**

COMES NOW the Plaintiff, DANIELLE MELISSA GORDON, by and through her undersigned attorneys, and sues the Defendant, THE HOME DEPOT, INC. and HOME DEPOT USA, INC., and alleges as follows:

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

1. This is an action for damages in excess of the sum of Fifty Thousand ($50,000.00) Dollars, exclusive of costs, interest and attorneys' fees.

2. The Plaintiff, DANIELLE MELISSA GORDON, was at all times material hereto, a resident of Hillsborough County, Florida.

3. At all times material hereto, the Defendant, THE HOME DEPOT, INC was a Foreign Profit corporation, authorized and doing business in the State of Florida.

4. At all times material hereto, Defendants, THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC., jointly owned, operated, managed, maintained, and/or controlled the subject premises located at 10151 Bloomingdale Avenue, Riverview, Florida.

5. That on or about October 20, 2024, the Plaintiff, DANIELLE MELISSA GORDON, was a business invitee on the premises of the Defendant, THE HOME DEPOT, INC located at 10151 Bloomingdale Avenue, Riverview, FL 33578, Hillsborough County, Florida.

6. At all times material hereto, Defendant, HOME DEPOT U.S.A., INC., was a foreign profit corporation authorized to conduct business in the State of Florida and was the owner, lessor, and/or entity responsible for the structural maintenance of the subject premises, including but not limited to the roof.

7. That Defendant owed a duty to Plaintiff and held out to the Plaintiff that its facility was a safe and hazard-free environment for its invited guests.

8. That on October 20, 2024, DANIELLE MELISSA GORDON was walking down the aisle within Defendant's premises when her foot made contact with a slippery liquid substance on the floor, causing her to lose traction and violently spin and flail to the ground.

9. At the time of the incident, a leak from the ceiling was present in the same area, resulting in an accumulation of liquid on the floor and creating a dangerous condition. The condition existed in plain view and in an area where multiple employees of Defendant were present, such that Defendant had actual and/or constructive notice of the hazardous condition and failed to take reasonable steps to correct it or warn patrons.

10. At all times material hereto, Defendants owed Plaintiff a non-delegable duty to maintain the subject premises, including the roof, in a reasonably safe condition. Defendants could not avoid liability for dangerous conditions on the premises, including those caused by roof leaks, by delegating maintenance, inspection, or repair responsibilities to third parties.

**COUNT I – NEGLIGENCE OF THE HOME DEPOT, INC**

The Plaintiff realleges and reavers all the allegations applicable to all counts in paragraphs 1 through 10 above, as though fully set forth herein.

11. At all materials hereto, Defendant, THE HOME DEPOT, INC, owned operated, and controlled the subject premises and owned Plaintiff, DANIELLE MELISSA GORDON, a duty to maintain the premises in a reasonably safe condition.

12. At all times material hereto, Defendant, THE HOME DEPOT, INC., owed a duty to Plaintiff, DANIELLE MELISSA GORDON, as a business invitee, to maintain the premises in a reasonably safe condition and to warn of dangerous conditions of which it knew or should have known.

13. At the time of the incident, multiple employees of Defendant were present in the immediate vicinity of the hazardous condition. Additionally, the existence of an active ceiling leak, particularly in the days following a significant weather event, demonstrates that the condition occurred with regularity and was foreseeable.

14. Defendant, THE HOME DEPOT, INC, breached its duty of reasonable care and their non-delegable duties by failing to maintain the premises in a safe condition, including but not limited to:

A. Failing to maintain the premises in a reasonably safe condition;

B. Failing to inspect the premises for dangerous conditions;

C. Allowing a liquid substance to remain on the floor;

D. Failing to correct a dangerous condition of which it knew or should have known;

E. Failing to warn Plaintiff of the hazardous condition;

F. Failing to implement reasonable inspection and safety procedures.

15. Defendant, THE HOME DEPOT, INC, negligence was the direct and proximate cause of Plaintiff's injuries and resulting damages.

16. As a result of the negligence of the Defendant, THE HOME DEPOT, INC the Plaintiff, DANIELLE MELISSA GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DANIELLE MELISSA GORDON, demands judgment plus cost and interest against the Defendant, THE HOME DEPOT, INC and further demands trial by jury.

**COUNT II – NEGLIGENCE AGAINST HOME DEPOT USA, INC.**

The Plaintiff realleges and reavers all the allegations applicable to all counts in paragraphs 1 through 10 above, as though fully set forth herein.

17. At all materials hereto, Defendant, HOME DEPOT USA, INC, owned operated, and controlled the subject premises and owned Plaintiff, DANIELLE MELISSA GORDON, a duty to maintain the premises in a reasonably safe condition.

18. At all times material hereto, Defendant HOME DEPOT USA, INC., owed a duty to Plaintiff, DANIELLE MELISSA GORDON, as a business invitee, to maintain the premises in a reasonably safe condition and to warn of dangerous conditions of which it knew or should have known.

19. Defendant, HOME DEPOT USA, INC's had a non-delegable duty to protect the public, including Plaintiff, from known dangerous conditions.

20. Defendant, HOME DEPOT U.S.A., INC., breached its duties by:

A. Failing to properly maintain, inspect, and repair the roof;

B. Allowing water to leak from the ceiling and accumulate on the floor;

C. Failing to timely remedy a known and/or foreseeable roof leak condition;

D. Failing to implement reasonable maintenance procedures for structural components;

E. Failing to ensure that third parties responsible for maintenance properly performed such work;

F. Failing to warn of the dangerous condition.

21. The negligence of Defendant, HOME DEPOT U.S.A., INC., was the direct and proximate cause of Plaintiff's injuries and resulting damages.

22. As a result of the negligence of the Defendant, HOME DEPOT USA, INC. the Plaintiff, DANIELLE MELISSA GORDON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DANIELLE MELISSA GORDON, demands judgment plus cost and interest against the Defendant, HOME DEPOT USA, INC. and further demands trial by jury.

ZOELLER, HAYDEN & THRON, PLLC.
Attorney for Plaintiff
2845 PGA Blvd
Palm Beach Gardens, FL 33410
Phone: (561) 689-8180
ehayden@zoellerlaw.com
lmilan@zoellerlaw.com

By: */s/ Eric C. Hayden, Esq.*
Eric C. Hayden, Esq.
Fla. Bar No: 100923